UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of THE COMPLAINT OF GARY J. WENDT AND JULIE K. WENDT, OWNERS OF THE MOTOR VESSEL X RAYTED II FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 22-CV-0644 (PJS/ECW)<br><br>ORDER TO SHOW CAUSE |

On July 18, 2022, petitioners Gary and Julie Wendt filed a motion for default judgment.  ECF No. 46.  Before filing their motion, the Wendts did not first obtain entry of default from the Clerk of Court, as Fed. R. Civ. P. 55(a) requires.[1]  This Court has entered hundreds of default judgments, but only after the party seeking the default judgment has sought and obtained an entry of default from the Clerk of Court.

Before filing their motion, counsel for the Wendts represented to Court staff that prior entry of default was unnecessary in matters arising under the Limitation of Liability Act.[2]  The Wendts have not cited any court decision that holds that the normal

---

[1]Although the Wendts captioned their motion as one for "Entry of Default and Default Judgment"—presumably to comply with the requirement that entry of default must precede the grant of a default judgment, *see Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)—they explicitly ask the Court only to "direct[] the entry of a default *judgment* against all persons and entities that failed to file claims in accordance with the Court's March 15, 2022 Order," ECF No. 46 (emphasis added).

[2]*See* 46 U.S.C. § 30511.

-1-

requirements of Rule 55 do not apply in a Limitation of Liability Act case, and the Court is unaware of any such authority. To the contrary, the Court is aware of a number of Limitation of Liability Act cases in which the petitioners were required to or otherwise obtained defaults before moving for default judgments. *See, e.g.*, *Matter of Bruce Oakley, Inc.*, No. CIV-19-184-SLP, 2020 WL 8678012, at *1 (E.D. Okla. July 16, 2020) ("Marquette and LMR Freight have not previously moved for the entry of default. Thus, their request for entry of a default judgment is premature." (citation omitted)); *Matter of D'Ancona*, No. 19-CV-5492(EK)(VMS), 2021 WL 4482615 (E.D.N.Y. May 24, 2021), *report and recommendation adopted*, 2021 WL 4480676 (E.D.N.Y. Sept. 30, 2021); *MAB120, LLC v. Island Gardens Deep Harbour, LLC*, No. 20-20354-CIV, 2020 WL 6955619 (S.D. Fla. Nov. 25, 2020); *Matter of Raw Marine, Inc.*, No. 9:18-CV-80059, 2018 WL 11229123 (S.D. Fla. May 10, 2018).[3]

Perhaps all of these cases were wrongly decided, but the Court is not willing to simply take the Wendts' word for it. At this point, then, the Wendts have a choice: First, they can withdraw their motion, obtain entry of default, and then seek a default

---

[3]The Court has reviewed *Matter of Sommer*, No. 20-CV-2499 (ECT/BRT), 2021 WL 1327263 (D. Minn. Apr. 9, 2021), an unpublished order in a case in which the petitioner was able to obtain a default judgment without first obtaining entry of default from the Clerk of Court. But the order offers no real explanation for *why* the petitioner was not required to obtain entry of default before seeking a default judgment. *Matter of Sommer* is not binding, and, without any explanation for why Rule 55 does not apply in a Limitation of Liability Act case, *Matter of Sommer* is not persuasive.

judgment.  Or second, they can show cause why their motion should not be dismissed without prejudice for failure to obtain entry of default.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that, by August 5, 2022, petitioners Gary and Julie Wendt must either (1) withdraw their motion for default judgment (ECF No. 46) or (2) show cause why that motion should not be denied without prejudice.

Dated: July 22, 2022

s/Patrick J. Schiltz

Patrick J. Schiltz, Chief Judge
United States District Court